PERM 44e (6/01)

# SURETY BOND (PERFORMANCE)
# (INSURANCE AND INDEMNITY COMPANY NAME)

BOND NO.______________________ AMOUNT______________________

KNOWN ALL BY THESE PRESENTS, That we,______________________ *(PRINCIPAL'S NAME)* having its principle place of business at ______________________, as Principal, and ______________________*(INSURANCE AND INDEMNITY COMPANY)*, as Surety, having an office and usual place of business at ______________________ are held and firmly bound unto the DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW YORK, in the full and just sum of ______________________ Dollars ($________.____) to the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, to jointly and severally, firmly by these presents.

WHEREAS, said Principal will submit and has submitted plans and specifications for work, within a State highway, deemed necessary by the Commissioner of Transportation, or his duly authorized delegate, and

WHEREAS, said Principal has received and will apply from time to time for permits for the purpose of constructing or maintaining drive entrances, sewer lines, water mains, gas mains, utility lines and poles, street intersections, curb, sidewalk, drainage and excavating for miscellaneous structures, etc., on or within the right of way of highways under the jurisdiction of the State of New York, Department of Transportation,

WHEREAS, this obligation is for the purpose of insuring and guaranteeing the timely and workmanlike completion of such work as reasonably determined by the Commissioner of Transportation or his duly authorized delegate,

IT IS AGREED and understood among the parties hereto that upon the reasonable determination that such work is not being timely performed or is not being or has not been performed in a workmanlike manner by said Principal, the Commissioner of Transportation or his duly authorized delegate may require said Surety to promptly complete said work in a timely and workmanlike manner, or the Commissioner of Transportation or his duly authorized delegate may direct completion of said work with forces chosen by the Commissioner, the costs of which work will be reimbursed by said Surety up the amount designated above, all of which determinations shall be within the sole and exclusive discretion of the Commissioner of Transportation or his duly authorized delegate.

IT IS FURTHER AGREED that said Principal and said Surety shall indemnify and save harmless the State of New York, Department of Transportation, from all liability, damages and expenses of every kind and nature, resulting directly or indirectly to persons or property and arising from and in consequence of any license or permit, and shall well, truly and faithfully perform the duties and privileges pertaining to any license or permit and shall restore such State highways to their original conditions.

IT IS FURTHER AGREED that said Principal and said Surety shall further indemnify, save harmless and pay the New York State Department of Transportation, any damages, loss, charges or expenses which shall, in any way, be sustained or incurred by it in relation to or in connection with any and all such claims, actions, suits or proceedings at law or in equity.

IN TESTIMONY WHEREOF, said Principal has hereunto set his hand and seal and said Surety has caused this instrument of writing to be executed. SIGNED, sealed and dated this __________Day of______________Year__________.

This Bond takes effect ______________________ and shall remain in full force until the work is satisfactorily completed and accepted.

______________________
PRINCIPAL
*(NOTE: If DBA also provide Name of Legal Entity and Copy of "Certificate of Conducting Business under an assumed Name" that was filed in County Clerk's Office, e.g. John Jones dba Jones Trucking)*

BY: ______________________

______________________(Company Seal)

Address:______________________

______________________

Telephone No.:______________________

______________________
SURETY

BY:______________________
Attorney-in-Fact

______________________(Company Seal)

Address:______________________

______________________

Telephone No.:______________________

Note: Attach Power of Attorney, Financial Statement and acknowledgment by representative of the Surety showing his powers to execute such instrument.

AUBURN-SENECA FALLS
STATE HIGHWAY NO. 590

NEW YORK STATE
DEPARTMENT OF TRANSPORTATION
ACQUISITION MAP

PIN A9998870140

MAP NO. 142
PARCEL NOS.
212, 213, 214 AND 215
SHEET 5 OF 5 SHEETS

The purpose of this map is to fully prohibit the right of access to and from abutting property along the portions of the existing highway boundary of the Auburn-Seneca Falls S.H. No. 590 (New York State Routes 5 and 20) as described below along four different parcels, where access had heretofore been allowed to the adjacent owner.

PARCEL NO. 212:

Beginning at a point on the northerly highway boundary of the existing Auburn-Seneca Falls S.H. No. 590 (New York State Routes 5 and 20), said point being 0.36± meters distant northerly, measured at right angles from station -0+217.56± of the hereinafter described survey baseline; thence easterly along the existing highway boundary a distance of 39.60± meters (129.9± feet) to a point 1.29± meters distant southerly, measured at right angles from station -0+178.00± of said survey baseline.

PARCEL NO. 213:

Beginning at a point on the northerly highway boundary of the existing Auburn-Seneca Falls S.H. No. 590 (New York State Routes 5 and 20), said point being 3.44± meters distant southerly, measured at right angles from station -0+126.50± of the hereinafter described survey baseline; thence along the existing highway boundary the following four (4) courses and distances: (1) easterly 69.20± meters (227.0± feet) to a point 6.33± meters southerly, measured at right angles from station -0+057.36± of said survey baseline; (2) northeasterly 59.64± meters (195.7± feet) to a point 11.38± meters northerly, measured at right angles from station -0+000.40± of said survey baseline; (3) southeasterly 54.34± meters (178.3± feet) to a point 10.66± meters southerly, measured at right angles from station 0+049.24± of said survey baseline; (4) easterly 15.01± meters (49.3± feet) to a point 11.25± meters southerly, measured at right angles from station 0+064.24± of said survey baseline.

PARCEL NO. 214:

Beginning at a point on the northerly highway boundary of the existing Auburn-Seneca Falls S.H. No. 590 (New York State Routes 5 and 20), said point being 4.90± meters distant southerly, measured at right angles from station 0+110.00± of the hereinafter described survey baseline; thence along the existing highway boundary the following two (2) courses and distances: (1) northeasterly 11.81± meters (38.8± feet) to a point 2.83± meters distant southerly, measured at right angles from station 0+121.58± of said survey baseline; (2) northeasterly 1.52± meters (5.0± feet) to a point 1.90± meters distant southerly, measured at right angles from station 0+122.78± of said survey baseline.

PARCEL NO. 215:

Beginning at a point on the northerly highway boundary of the existing Auburn-Seneca Falls S.H. No. 590 (New York State Routes 5 and 20), said point being 2.20± meters distant northerly, measured at right angles from station 0+226.66± of the hereinafter described survey baseline; thence northeasterly along the existing highway boundary a distance of 1.01± meters (3.3± feet) to a point 2.56± meters distant northerly, measured at right angles from station 0+227.61± of said survey baseline.

The above mentioned survey baseline being the 2004 survey baseline of property of Fingerlakes Mall Limited Partnership (reputed owner) and described as follows:

Beginning at Station -0+242.574 thence North 85°50'08" East to Station 0+000.000, thence North 85°58'21" East to Station 0+115.789, thence North 85°11'05" East to Station 0+279.679.

All bearings based on the New York State Plane Coordinate System Central Zone and refer to true North at the 76°35' Meridian of West Longitude.

I hereby certify that the right of access to and from abutting property is to be fully prohibited along the portions of the existing highway boundary described above.

Date ____________ 20____

Michael A. Shamma, P.E.
Regional Design Engineer
for the Regional Director of Transportation, Region No. 3




"Unauthorized alteration of a survey map bearing a licensed land surveyor's seal is a violation of the New York State Education Law."

I hereby certify that this map was prepared in accordance with current NYSDOT policies, standards and procedures.

Date ____________ 20____

Michael J. Wright, Land Surveyor
P.L.S. License No. 049155

## FINGERLAKES MALL LIMITED PARTNERSHIP

( Reputed Owner of Right of Access )

Map of portions of the existing highway boundary over which the Commissioner of Transportation deems necessary that the right of access to and from abutting property shall be fully prohibited by appropriation for purposes connected with the highway system of the State of New York pursuant to Section 30 of the Highway Law and the Eminent Domain Procedure Law.

There is excepted from this appropriation all the right, title and interest, if any, of the United States of America in or to said property.

Pursuant to the statute(s) set forth above and the authority delegated to me by Official Order of the Commissioner of Transportation, this acquisition map is hereby approved and filed in the main office of the New York State Department of Transportation.

Date ____________ 20____

Real Estate Division

I have compared the foregoing copy of the map with the original thereof, as filed in the Office of the State Department of Transportation, and I do hereby certify the same to be a true and correct copy of the original and of the whole thereof.

Real Estate Division

PREPARED BY PRP CHECKED BY MJW FINAL CHECK BY JRS

FILE NAME = 512-039 BASEMAP V-0 ACCESS.DGN


FINGERLAKES MALL LIMITED PARTNERSHIP (REPUTED OWNER)
TOWN OF AURELIUS (REPUTED OWNER) L983 P276 TM# 115.00-1-54.2
FINGERLAKES MALL LIMITED PARTNERSHIP (REPUTED OWNER) L1015 P195 TM# 115.13-1-02
HIGHWAY BOUNDARY (FORMER AUBURN-AURELIUS PLANK ROAD)
STA -0+242.574
P.O.B. PARCEL NO. 212 STA. -0+217.56± 0.36± m
TO PROHIBIT ACCESS
M142 P212
39.60m± (129.9'±)
STA. -0+178.00± 1.29± m
P.O.B. PARCEL NO. 213 STA. -0+126.50± 3.44± m
TO PROHIBIT ACCESS
M142 P213
MALL EXIT
MALL SIGN
SURVEY BASELINE
N 85°50'08" E
HB W/OA HB
TO SENECA FALLS
AUBURN - SENECA FALLS S.H. NO. 590 (NYS ROUTES 5 & 20)
1954 HIGHWAY BOUNDARY
M74 P111 1954
EAGLE DRIVE
MATCHLINE STA. -0+120.000 SHEET 2 OF 5
SCALE 1:500
ONE METER EQUALS 3.28083333333 FEET.
ONE SQUARE METER EQUALS 10.7638673611 SQUARE FEET.
FILE NAME = 512-039 BASEMAP W-O ACCESS.DGN
TRUE NORTH AT THE 76°35' MERIDIAN OF WEST LONGITUDE
MAP REFERENCE INFORMATION:
Part of Lot No. 44 in Town of Aurelius
Parcel Locator Points:
Parcel No: 212 N: 325176.149 E: 247421.317
Parcel No: 213 N: 325178.972 E: 247512.415
Parcel No: 214 N: 325194.424 E: 247748.404
Parcel No: 215 N: 325211.227 E: 247864.126
PARCEL SUMMARY:
Type: P# 212 - PROHIBIT ACCESS
P# 213 - PROHIBIT ACCESS
P# 214 - PROHIBIT ACCESS
P# 215 - PROHIBIT ACCESS
Affects a Portion of 2003 Tax Map Sec. No. 115.13-1-01, Map Sec. No. 115.13-1-02, Map Sec. No. 115.13-1-03
Town of Aurelius
County of Cayuga
State of New York
NEW YORK STATE DEPARTMENT OF TRANSPORTATION ACQUISITION MAP
PIN A999887014O
MAP NO. 142 PARCEL NOS. 212, 213, 214 AND 215 SHEET 1 OF 5 SHEETS
AUBURN-SENECA FALLS STATE HIGHWAY NO. 590


FINGERLAKES MALL
LIMITED PARTNERSHIP
(REPUTED OWNER)
FINGERLAKES MALL
LIMITED PARTNERSHIP
(REPUTED OWNER)
L1015 P195
TM# 115J3-1-02
℄ STA. -0+000.40±
11.38± m
TO PROHIBIT ACCESS
M142
P213
1970 HIGHWAY BOUNDARY
M105
P176
1970
M91
P131
1970
2004 SURVEY BASELINE
℄ STA. -0+057.36±
6.33± m
59.64m± (195.7'±)
HB W/OA
54.34m± (178.3'±)
HB W/OA
N 85°50'08" E
N 85°58'21" E
TRANSFORMERS
UNIDENTIFIED UTILITY CONDUIT (AT GRADE)
CATCH BASIN
69.20m± (227.0'±)
-0+100
0+050
0+000
MATCHLINE ℄ STA. -0+120.000 SHEET 1 OF 5
MATCHLINE ℄ STA. 0+040.000 SHEET 3 OF 5
AUBURN - SENECA FALLS S.H. NO. 590 (NYS ROUTES 5 & 20)
℄ STA 0+000.000
SIGN
REFLECTOR
NYNEX 70-1
M74
P111
1954
M87
P127
1970
M75
P112
1954
M88
P128
1970
M75
P113
1954
1970 HIGHWAY BOUNDARY
TRUE NORTH AT THE 76°35'
MERIDIAN OF WEST LONGITUDE
SCALE 1:500
ONE METER EQUALS 3.28083333333 FEET.
ONE SQUARE METER EQUALS 10.7638673611 SQUARE FEET.
FILE NAME = 512-839 BASEMAP W-O ACCESS.DGN
AUBURN-SENECA FALLS
STATE HIGHWAY NO. 590
NEW YORK STATE
DEPARTMENT OF TRANSPORTATION
ACQUISITION MAP
PIN A999887014O
MAP NO. 142
PARCEL NOS.
212, 213, 214 AND 215
SHEET 2 OF 5 SHEETS

FINGERLAKES MALL LIMITED PARTNERSHIP (REPUTED OWNER)

FINGERLAKES MALL LIMITED PARTNERSHIP (REPUTED OWNER) L1015 P195 TM# 115J3-1-02

FINGERLAKES MALL LIMITED PARTNERSHIP (REPUTED OWNER) L1015 P195 TM# 115J3-1-01

FINGERLAKES MALL LIMITED PARTNERSHIP (REPUTED OWNER) L1015 P195 TM# 115J3-1-03

TO PROHIBIT ACCESS

M142 P213

M91 P131 1970

M141 P211 2004

MALL EXIT/ENTRANCE

MALL SIGN

P.O.B. PARCEL NO. 214

℄ STA. 0+110.00± 4.90± m

M142 P214

℄ STA 0+115.788

(FORMER WEBSTER ROAD)

M1 P190 ABANDONMENT 1980

℄ STA. 0+122.78± 1.90± m

1980 HIGHWAY BOUNDARY W/OA

15.01m± (49.3'±)

DBL 300mm ASREN

2004 HIGHWAY BOUNDARY

0+050

N 85°58'21" E

HYDRANT

METER

0+100

HB W/OA

℄ STA. 0+121.58± 2.83± m

N 85°11'05" E

0+150

0+200

SURVEY BASELINE

HIGHWAY BOUNDARY (FORMER AUBURN-AURELIUS PLANK ROAD)

REFLECTOR

SIGN

MATCHLINE ℄ STA. 0+040.000 SHEET 2 OF 5

MATCHLINE ℄ STA. 0+210.000 SHEET 4 OF 5

℄ STA. 0+049.24± 10.66± m

℄ STA. 0+064.24± 11.25± m

AUBURN - SENECA FALLS S.H. NO. 590 (NYS ROUTES 5 & 20)

EP

SIGN MP 5 3107 1074

M75 P113 1954

M88 P128 1970

M90 P130 1970

M92 P132 WO/A 1971

HB

HB W/OA

1970 HIGHWAY BOUNDARY

1971 HIGHWAY BOUNDARY W/OA

TO PROHIBIT ACCESS

M142 P214

℄ STA 0+115.788

11.81m± (38.8'±)

1.52m± (5.0'±)

℄ STA. 0+122.78± 1.90± m

N 85°11'05" E

1980 HIGHWAY BOUNDARY W/OA

2004 SURVEY BASELINE

℄ STA. 0+110.00± 4.90± m

N 85°58'21" E

HB W/OA

℄ STA. 0+121.58± 2.83± m

0+100

0+150

HIGHWAY BOUNDARY (FORMER AUBURN-AURELIUS PLANK ROAD)

DETAIL OF M142/P214

10 0 10 20 30 m

SCALE 1:500

ONE METER EQUALS 3.28083333333 FEET.
ONE SQUARE METER EQUALS 10.7638673611 SQUARE FEET.

TRUE NORTH AT THE 76°35'

MERIDIAN OF WEST LONGITUDE

AUBURN-SENECA FALLS
STATE HIGHWAY NO. 590

NEW YORK STATE
DEPARTMENT OF TRANSPORTATION
ACQUISITION MAP

PIN A999887014O

MAP NO. 142
PARCEL NOS.
212, 213, 214 AND 215
SHEET 3 OF 5 SHEETS

FILE NAME = 512-039 BASEMAP W-O ACCESS.DGN


FINGERLAKES MALL
LIMITED PARTNERSHIP
(REPUTED OWNER)
L1015 P195
TM# 115J3-1-03
FINGERLAKES MALL
LIMITED PARTNERSHIP
(REPUTED OWNER)
STORAGE/DISPLAY LOT
℄ STA 0+279.679
1.01m±
(3.3'±)
P.O.B.
PARCEL NO. 215
℄ STA. 0+226.66±
2.20± m
℄ STA. 0+227.61±
2.56± m
1971 HIGHWAY
BOUNDARY W/OA
1980 HIGHWAY
BOUNDARY W/OA
HB W/OA
N 85°11'05" E
0+250
SURVEY
BASELINE
MATCHLINE ℄ STA. 0+210.000 SHEET 3 OF 5
M142
P215
TO PROHIBIT ACCESS
SIGNS
EP
SIGN
AUBURN - SENECA FALLS
TO AUBURN
S.H. NO. 590 (NYS ROUTES 5 & 20)
M92
P132
WO/A
1971
REFLECTOR
1971 HIGHWAY
BOUNDARY W/OA
SCALE 1:500
ONE METER EQUALS 3.28083333333 FEET.
ONE SQUARE METER EQUALS 10.7638673611 SQUARE FEET.
MERIDIAN OF WEST LONGITUDE
TRUE NORTH AT THE 76°35'
FILE NAME = 512-839 BASEMAP W-O ACCESS.DGN
NAIL W/WASHER NYSEG 38A-1A
DRIVE
32.969m
5.907m
TO CB 4001
40.294m
NAIL W/WASHER NYNEX 1
RT 5 & 20
TOP SPINDLE HYDRANT
TIES NOT TO SCALE
℄ STA -0+242.574
CB 5083 IS AN IRON ROD
SET IN NORTH UNPAVED SHOULDER
NYSPCS CENTRAL ZONE
N: 325173.976
E: 247396.397
IRF
11.384m
SW COR. CONC. SLAB
7.219m
5.096m
TO CB 5083
9.162m
NAIL W/WASHER NYSEG 34
RT 5 & 20 TIES NOT TO SCALE
℄ STA 0+000.000
CB 4000 IS AN IRON ROD
SET IN GROUND
NYSPCS CENTRAL ZONE
N: 325191.591
E: 247638.331
NAIL W/WASHER IN 200mm SPRUCE
TOP SPINDLE HYDRANT
GUY
5.590m
7.796m
VLV
TO CB 4000
TO CB 5002
5.553m
IRF
NAIL W/WASHER NYSEG 32
RT 5 & 20 TIES NOT TO SCALE
℄ STA 0+115.789
CB 4001 IS AN IRON ROD
SET IN GROUND
NYSPCS CENTRAL ZONE
N: 325199.724
E: 247753.833
NAIL W/WASHER NYSEG 29
NAIL W/WASHER VERIZON 62 NYSEG 28
38.069m
49.412m
TO CB 4001
53.984m
RT 5 & 20
TIES NOT TO SCALE
℄ STA 0+279.679
CB 5002 IS AN IRON ROD
SET IN GROUND
NYSPCS CENTRAL ZONE
N: 325213.481
E: 247917.145
AUBURN-SENECA FALLS
STATE HIGHWAY NO. 590
NEW YORK STATE
DEPARTMENT OF TRANSPORTATION
ACQUISITION MAP
PIN A599887014O
MAP NO. 142
PARCEL NOS.
212, 213, 214 AND 215
SHEET 4 OF 5 SHEETS

EXHIBIT "G"
Tenant Estoppel Certificate
[THIS FORM IS SUBJECT TO APPROVAL OF BUYER'S LENDER]

_____________, 2006

Addressed to Fingerlakes Mall, LLC, Fingerlakes Acquisition, LLC and Lender (as defined below)

Re: Lease from ________, dated ________________, as amended ____________________________ ("**Lease**") for Suite ____, located at Fingerlakes Mall, Aurelius, New York (the **Property**")

To Whom it May Concern:

The undersigned is the holder of the tenant's interest under the Lease demising a portion of the Property (the "**Leased Premises**"). We understand that Fingerlakes Mall, LLC ("Seller") intends to transfer the Property to Fingerlakes Mall Acquisition, LLC ("**Buyer**), and that Buyer's lender ("**Lender**") may be the holder of a first mortgage on the Property, and that Seller, Buyer and Lender require this certification from us.

Accordingly, we hereby certify to Seller, Buyer and Lender as follows:

1 The Lease is in full force and effect and has not been modified, amended or supplemented in any way other than those amendments shown above, except as follows (Insert dates of all modifications, amendments, or supplements, even if attached; if none, write "None"):

2 There are no other representations, warranties, agreements, concessions, commitments, or other understandings between the undersigned and the Landlord regarding the Property other than as set forth in the Lease or paragraph 1 above.

3 The landlord under the Lease has completed and delivered, and the undersigned has accepted, the Leased Premises in the condition required by the Lease. The Leased Premises consists of approximately ___________ square feet. The undersigned has taken possession of and is occupying the Leased Premises on a rent-paying basis and the monthly base rent payable thereunder is $_________, payable in advance. All improvements and work required under the Lease to be made by the landlord thereunder and all facilities required under the Lease to be furnished to the Leased Premises have been completed to the satisfaction of the undersigned, except as follows (Insert description of any improvements and work to be completed by the landlord under the Lease; if none, write "None"): ______________________________.

4 The current expiration date of the Lease, excluding any unexercised renewals and extensions, is ________________. The undersigned has neither any option or right to purchase the Property or any portion thereof or any right or option to terminate the Lease or any of its obligations thereunder in advance of the scheduled termination date of the Lease as noted above, except as

follows (Insert description of any purchase rights or options, and/or any early termination rights; if none, write "None"): ________________________________.

5. All rents, additional rents and other sums due and payable under the Lease have been paid in full through _____________, 200__,and no rents, additional rents or other sums payable under the Lease have been paid for more than one (1) month in advance of the due dates thereof.

6. The Seller is not in default under any of the requirements, provisions, terms, conditions or covenants of the Lease to be performed or complied with by the landlord under the Lease, the obligation to pay rent and additional rent is not subject to offset, and no event has occurred or situation exists which would, with the passage of time and/or the giving of notice, constitute a default or an event of default by the landlord under the Lease.

7. The undersigned is not in default under any of the requirements, provisions, terms, conditions, or covenants of the Lease to be performed or complied with by the undersigned, and no event has occurred or situation exists which would, with the passage of time and/or the giving of notice, constitute a default or an event of default by the undersigned under the Lease.

8. The undersigned has received no notice from any governmental authority or other person or party claiming a violation of, or requiring compliance with, any Federal, State or local statute, ordinance, rule, regulation or other requirement of law, for environmental contamination at the Leased Premises, and, to the best knowledge of the undersigned, no hazardous, toxic or polluting substances or wastes have been generated, treated, manufactured, stored, refined, used, handled, transported, released, spilled, disposed of or deposited by Tenant on, in or under the Leased Premises.

9. The undersigned has paid to the landlord under the Lease a security deposit of $___________ (if none, insert "None").

10. This Estoppel Certificate may be relied on by Seller, Buyer and Lender.

Very truly yours,

________________________________________

By: ________________________________

Name:

EXHIBIT "H"

ASSIGNMENT AND ASSUMPTION OF LEASES AND SECURITY DEPOSITS

KNOW ALL MEN BY THESE PRESENTS, that [______________________________], (hereinafter referred to as "Assignor"), in consideration of Ten ($10.00) Dollars and other good and valuable consideration to it in hand paid by ________________________________________________________________________ __________________________(hereinafter referred to as "Assignee") does hereby assign unto Assignee, its heirs, administrators, executors, successors and assigns, all of Assignor's right, title and interest in and to all leases, tenancies and security deposits as set forth on Schedule "A" annexed hereto and made a part hereof, pertaining to the shopping center located [____________________] (the "Premises").

TO HAVE AND TO HOLD the same unto the said Assignee, its heirs, administrators, executors, successors and assigns, subject to the covenants, conditions and provisions therein contained.

Assignee hereby assumes and agrees to perform all of the obligations with respect to such leases, tenancies and security deposits arising on or subsequent to the date hereof. Assignee further agrees to indemnify Assignor and hold Assignor harmless with respect to any expense, liability, court costs and reasonable attorney's fees (including, without limitation those incurred to enforce this indemnity), which Assignor may incur as a result of a breach or default by Assignee of its covenants herein.

Assignor agrees to indemnify and hold Assignee harmless from and against any and all loss, cost or damage including reasonable attorney's fees (including, without limitation those incurred to enforce this indemnity). that may be incurred by Assignee by reason of Assignor's failure to comply

with the terms of the leases during the Assignor's period of ownership of the Premises except to the extent that any such failure has been waived by such tenant's estoppel or other documentation.

IN WITNESS WHEREOF, the Assignor and Assignee have hereunto set their hands and seals as of the ____ day of ______________________________, 2006.

WITNESS:

______________________________ By: ______________________________

WITNESS:

______________________________ By: ______________________________

WITNESS: