Mark I. Schlesinger
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
mark.schlesinger@troutmansanders.com

Attorneys for Defendant

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                    :

FINGERLAKES MALL, LLC,           :     Case No.: 07-CV-6768(BSJ)(JCF)

                               Plaintiff,          :

                                                   :     **AFFIDAVIT IN OPPOSITION TO**
                    -against-          :     **APPLICATION FOR DEFAULT**
                                                   :     **JUDGMENT**

FINGERLAKES MALL ACQUISITION, LLC,  :

                               Defendant.    :

------------------------------------------------------------- x

STATE OF NEW YORK   )
                                 )ss:
COUNTY OF NEW YORK )

      SAM ABRAMS, being duly sworn, states:

      1. I am a member of Fingerlakes Mall Acquisition LLC, the defendant in this action. I have knowledge of the facts herein and submit this affidavit in support of defendant's (a) opposition to plaintiff's application for the entry of a default judgment pursuant to F.R.Civ.P. Rule 55.

      2. It is my understanding that plaintiff purported to serve defendant by delivering a copy of the summons and complaint to an attorney, Vincent Nicoletta of Greenberg Nicoletta & Stein, LLP. A copy of the affidavit of service filed by plaintiff in this action is annexed as Exhibit 1.

3. Mr. Nicoletta is not a member of defendant nor is he authorized to accept service on behalf of defendant. At no time has defendant or any authorized agent been served with a copy of the summons and complaint.

4. Moreover, plaintiff's effort to secure a default judgment and deprive defendant of its day in court is disingenuous. I have been negotiating with plaintiff to resolve any differences concerning the transaction that is at issue in this action. During those discussions, I was never advised that plaintiff intended to take the precipitous step of seeking the entry of a default judgment. Had plaintiff advised us of its intention, we would have promptly retained counsel and filed an answer. In effect, we were lulled into not responding to the complaint by the actions of plaintiff.

5. Upon learning that an application for a default judgment might be filed, we promptly retained Troutman Sanders LLP to represent us in this matter. I understand that Troutman Sanders immediately contacted plaintiff's counsel to advise them that Troutman Sanders would be appearing in the action and that service of process was defective. I further understand that Troutman Sanders requested that any application for a default be withdrawn and that defendant be permitted a reasonable time to file an answer to the complaint. A copy of the letter that was sent to plaintiff's counsel on November 5, 2007 is annexed as Exhibit 2. I have been informed by counsel that the request has not been granted.

6. Defendant has a meritorious defense on the merits to plaintiff's purported claims. With respect to the allegations concerning leases, plaintiff failed to provide defendant with a sufficient number of leases and, in the case of the limited number of leases that were provided, such leases were on terms and conditions far below market value. Contrary to plaintiff's allegations, defendant procured the necessary NYDOT permit and has otherwise complied with

all of its obligations with respect to such work. Finally, at no time has plaintiff provided the information required for the "true up" and defendant is ready, willing and able to make any necessary adjustments, if required.

7. Defendant is prepared to litigate this matter on the merits. A copy of our answer is annexed hereto as Exhibit 3.

WHEREFORE, it is respectfully requested that plaintiff's application for a default judgment be denied and that defendant be permitted to file its answer and defend this action on the merits.

_____
Sam Abrams

Sworn to before me this
9 day of November, 2007

_____
Notary Public

NANCY PUENTE
NOTARY PUBLIC
STATE OF NEW YORK NO. 31-4966768
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 5-14-10

# EXHIBIT 1

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Southern District of New York

Index Number: 07 CV 6768

Date Filed: 7/27/2007

Plaintiff:
**FINGERLAKES MALL, LLC,**

vs.

Defendant:
**FINGERLAKES MALL ACQUISITION, LLC,**

For:
Silverman Perlstein & Acampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753

Received these papers to be served on **FINGERLAKES MALL ACQUISITION, LLC, C/O:GREENBERG NICOLETTA & STEIN LLP, located at 1384 Broadway, Suite 1603, New York, New York.**

I, Vincent J. Mannetta, being duly sworn, depose and say that on the **31st day of July, 2007 at 1:25 pm, I:**

Served the above named Entity by delivering a true copy of the **Summmons In A Civil Action, Complaint, Civil Cover Sheet & Rule 7.1 Statement, Individual Practices of JUDGE BARBARA S. JONES & Individual Practices of JUDGE FRANCIS** to Vincent Nicoletta, Partner at GREENBERG NICOLETTA & STEIN LLP, as authorized to accept on behalf of the above named Entity.

**Description** of Person Served: Age: 47, Sex: M, Race/Skin Color: White, Height: 5'7", Weight: 180, Hair: Black, Glasses: N

I am over the age of 18, am not a party in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which the process was served.

Subscribed and sworn to before me on the 2nd day of August, 2007 by the affiant who is personally known to me.

Tina A. McCarthy
Notary Public, State of New York
No. 01MC6115830
Qualified in Bronx County
Commission Expires 09/13/2008

Vincent J. Mannetta
1203246

Our Job Serial Number: 2007003096
Ref: 07 CV 6768

# EXHIBIT 2

# TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174
www.troutmansanders.com
TELEPHONE: 212-704-6000
FACSIMILE: 212-704-6288

Mark I. Schlesinger
mark.schlesinger@troutmansanders.com

Direct Dial: 212-704-6317
Direct Fax: 212-704-5972

November 5, 2007

*By e-mail*

Robert J. Ansell, Esq.
Siverman Pearlstein & Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

Re: Fingerlakes Mall v. Fingerlakes Mall Acquisition
Civil Action No. 07 Civ. 6768 (BSJ)(JCF)

Dear Robert:

I am writing to follow up on our conversation late Friday afternoon concerning the above-referenced matter.

As I advised you, we have just been retained to represent defendant Fingerlakes Mall Acquisition, LLC in this matter. We understand that you have filed an application for a default judgment. Based on our understanding of the matter, we believe that service of process was defective and that consequently the entry of a judgment would be improper and would be vacated. Moreover, in view of the settlement discussions that you described between the parties, the application for a default judgment is particularly inappropriate.

In the interest of avoiding unnecessary expense and getting to the merits of the matter, we request that you promptly withdraw the application for a default and afford us a reasonable period of time to file an answer on behalf of Fingerlakes Mall Acquisition. Please advise me as soon as possible of your position.

Very truly yours,

Mark I. Schlesinger

ATLANTA · HONG KONG · LONDON · NEW YORK · NEWARK · NORFOLK · RALEIGH
RICHMOND · SHANGHAI · TYSONS CORNER · VIRGINIA BEACH · WASHINGTON, D.C.

NEWYORK01 1252371v1 999994-057130

# EXHIBIT 3

Mark I. Schlesinger
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
mark.schlesinger@troutmansanders.com

Attorneys for Defendant

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
FINGERLAKES MALL, LLC,                            :   Case No.: 07-CV-6768(BSJ)(JCF)
:
Plaintiff,             :
:   **ANSWER**
-against-                    :
:
FINGERLAKES MALL ACQUISITION, LLC,    :
:
Defendant.             :
:
------------------------------------------------------------ x

      Defendant Fingerlakes Mall Acquisition, LLC, by its attorneys Troutman Sanders LLP, for its answer to the complaint, states:

      1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

      2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

      3. Denies the allegations contained in paragraph 3 of the complaint, except admits that Fingerlakes Mall Acquisition, LLC is a domestic limited liability company.

      4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Admits the allegations contained in paragraph 5 of the complaint.

6. Denies the allegations contained in paragraph 6 of the complaint and refers to the agreement annexed as Exhibit 1 Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

7. Denies the allegations contained in paragraph 7 of the complaint, except admits that the transfer of title has substantially occurred.

8. Denies the allegations contained in paragraph 8 of the complaint.

9. Denies the allegations contained in paragraph 9 of the complaint.

10. Denies the allegations contained in paragraph 10 of the complaint and refers to the agreement annexed as Exhibit 1 to the complaint for its terms and conditions.

11. Denies the allegations contained in paragraph 11 of the complaint except admits that Seller deposited $425,000 with the escrow agent referred to in the Agreement.

12. Denies the allegations contained in paragraph 12 of the complaint.

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Denies the allegations contained in paragraph 14 of the complaint and refers to the agreement annexed as Exhibit 1 to the complaint for its terms and conditions.

15. Denies the allegations contained in paragraph 15 of the complaint and refers to the agreement annexed as Exhibit 1 to the complaint for its terms and conditions.

16. Denies the allegations contained in paragraph 16 of the complaint and refers to the agreement annexed as Exhibit 1 to the complaint for its terms and conditions.

17. Denies the allegations contained in paragraph 17 of the complaint except admits that plaintiff deposited into escrow $416,568.62.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21. Denies the allegations contained in paragraph 21 of the complaint and refers to the agreement annexed as Exhibit 1 to the complaint for its terms and conditions.

22. Denies the allegations contained in paragraph 22 of the complaint.

23. Denies the allegations contained in paragraph 23 of the complaint and refers to the agreement annexed as Exhibit 1 to the complaint for its terms and conditions.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. Denies the allegations contained in paragraph 25 of the complaint.

26. Denies the allegations contained in paragraph 26 of the complaint.

27. Denies the allegations contained in paragraph 27 of the complaint.

28. Denies the allegations contained in paragraph 28 of the complaint.

29. Denies the allegations contained in paragraph 29 of the complaint.

30. Denies the allegations contained in paragraph 30 of the complaint.

31. Denies the allegations contained in paragraph 31 of the complaint and refers to the agreement annexed as Exhibit 1 to the complaint for its terms and conditions.

32. Denies the allegations contained in paragraph 32 of the complaint.

### FIRST DEFENSE

33. The complaint fails to state a claim upon which relief may be granted.

NEWYORK01 1253079v1 999994-047818

## SECOND DEFENSE

34. The Court lacks personal jurisdiction over defendant by reason of insufficient service of process.

WHEREFORE, defendant demands judgment dismissing the complaint, awarding defendant its costs of suit, including a reasonable attorneys' fee and granting such other and further relief as may be just and proper.

Dated: New York, New York
      November 9, 2007

    TROUTMAN SANDERS LLP

    By: s/ Mark I. Schlesinger
        Mark I. Schlesinger
    The Chrysler Building
    405 Lexington Avenue
    New York, New York
    212-704-6000
    mark.schlesinger@troutmansanders.com

    Attorneys for Defendant

STATE OF NEW YORK )
) s.s.:
COUNTY OF NEW YORK )

Harriet E. Cohen, being duly sworn, deposes and says:

I am not a party to this action, I am over the age of twenty-one years and I reside in Queens, New York.

On November 9, 2007 I served a copy of the foregoing document upon all registered ECF participants.

                                                 /s/ Harriet E. Cohen
                                                  Harriet E. Cohen

Sworn to before me this
9th day of November, 2007

/s/ Anthony Cardillo
Notary Public

Anthony Cardillo
Notary Public, State of New York
No. 03-486-0234
Qualified in Bronx County
Commission Expires March 18, 2010