Mark I. Schlesinger
TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
mark.schlesinger@troutmansanders.com

Attorneys for Defendant

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
FINGERLAKES MALL, LLC,                  :     Case No.: 07-CV-6768(BSJ)(JCF)
                                        :
                Plaintiff,              :
                                        :
        -against-                       :
                                        :
FINGERLAKES MALL ACQUISITION, LLC,      :
                                        :
                Defendant.              :
                                        :
------------------------------------------------------------- x

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S APPLICATION
## FOR A DEFAULT JUDGMENT

This memorandum of law is respectfully submitted on behalf of defendant Fingerlakes Mall Acquisition, LLC in opposition to the application of plaintiff Fingerlakes Mall LLC for the entry of a default judgment.

**Preliminary Statement**

This action arises out of a dispute concerning certain post-closing obligations in connection with the sale of a shopping mall. As is detailed in the affidavit of Sam Abrams sworn to the 9th day of November, 2007 ("Abrams Aff."), not only was service of process not made properly in this action, but plaintiff further lulled defendant into taking no action with respect to

the complaint. As is demonstrated below, in view of the defective service, the lulling of defendant and defendant's meritorious defense to the action, plaintiff's application for a default should be denied. Such a result is in accordance with established policy that ". . . default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174-175 (2d Cir. 2001).

1. **Service of Process Was Patently Defective**

F.R.Civ.P. Rule 4(h) sets forth the manner in which service of process on a corporation or association is to be made. It requires delivery of the summons and complaint to an officer, managing agent or other agent authorized by law or by appointment to receive service. New York CPLR § 311-a, which sets out the manner in which a limited liability company such as defendant is to be served, also specifies service on a member, manager, agent authorized by appointment or other person designated to receive service. Alternatively, service may be made on the secretary of state.

As was aptly stated in Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp.2d 373, 375 (S.D.N.Y. 1998):

> Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant. See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103, 98 L. Ed.2d 415, 108 S. Ct. 404 (1987). A judgment entered against a party not subject to the personal jurisdiction of the court is a nullity. See Convington, 629 F.2d at 732. Hence, a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law. See Howard Johnson Int'l, Inc. v. Wang, 7 F. Supp.2d 336 (S.D.N.Y. 1998).

The lack of proper service is precisely the situation in the instant action.

Plaintiff did not employ any of the methods designated by either the Federal Rules of Civil Procedure or the N.Y. Civil Procedure Law and Rules to serve process in this action. The

2

affidavit of service filed by plaintiff in support of its application indicates that service was made on an attorney, Vincent Nicoletta. The Abrams Affidavit demonstrates, however, that Mr. Nicoletta was not a member, manager or authorized agent for purposes of service of process. Having failed to serve defendant in an appropriate manner, this Court lacks personal jurisdiction over defendant.

2.  **Defendant Has Otherwise Satisfied the Standard for Avoiding a Default**

The factors to be employed in setting aside a default are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). All of those criteria have here been satisfied.

With respect to the element of willfulness, the Abrams affidavit demonstrates that the actions of plaintiff in negotiating with defendant lulled defendant into failing to retain counsel and respond to the complaint. Without providing any warning to defendant, plaintiff proceeded to precipitously file its application for a default and is attempting to deprive defendant of its day in court and an opportunity to defend on the merits. As the Abrams affidavit explains, had defendant known that plaintiff intended to proceed with a default, instead of continuing discussions, defendant would have answered the complaint.

Plaintiffs will not suffer prejudice if the default is vacated. It is well established that "delay alone is not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Here, the delay is minimal, as the action was only recently commenced and defendant has moved promptly to address plaintiff's application. Moreover, as this action does not involve a sum certain and defendant has taken action before proceedings on damages, the potential for prejudice is so remote as to not warrant consideration.

3

With respect to a meritorious defense, " the test .of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). As is established in the Abrams Affidavit, plaintiff failed to provide defendant with a sufficient number of leases and, in the case of the limited number of leases that were provided, such leases were on terms and conditions far below market value. Moreover, defendant procured the necessary NYDOT permit and has otherwise complied with all of its obligations with respect to such work. Finally, at no time has plaintiff provided the information required for the "true up" and defendant is ready, willing and able to make any necessary adjustments, if required. In light of these facts, defendant should be permitted to defend this action on the merits and demonstrate that plaintiff's claims are baseless.

## CONCLUSION

For the reasons set forth herein and in the accompanying affidavit of Sam Abrams, it is respectfully submitted that plaintiff's application for a default judgment be denied in its entirety.

Dated: New York, New York
      November 9, 2007

                          TROUTMAN SANDERS LLP

                          By: s/ Mark I. Schlesinger
                             Mark I. Schlesinger
                             The Chrysler Building
                             405 Lexington Avenue
                             New York, New York
                             212-704-6000
                             mark.schlesinger@troutmansanders.com

                             Attorneys for Defendant

NEWYORK01 1253132v1 999994-047818

STATE OF NEW YORK )
) s.s.:
COUNTY OF NEW YORK )

Harriet E. Cohen, being duly sworn, deposes and says:

I am not a party to this action, I am over the age of twenty-one years and I reside in Queens, New York.

On November 9, 2007 I served a copy of the foregoing document upon all registered ECF participants.


/s/ Harriet E. Cohen
Harriet E. Cohen

Sworn to before me this
9th day of November, 2007

/s/ Anthony Cardillo
Notary Public

Anthony Cardillo
Notary Public, State of New York
No. 03-486-0234
Qualified in Bronx County
Commission Expires March 18, 2010